UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH EUGENE PETERSON, | ) | No. ED CV 14-01467-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

          considered Plaintiff's testimony and made proper credibility findings; and

2.    Whether the ALJ properly considered Plaintiff's treating physician's opinion.

(JS at 2-3.)

    This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ MADE PROPER CREDIBILITY FINDINGS**

    In Plaintiff's first issue, he asserts that the ALJ credibility findings are inadequate under regulation and case law.

    In the Decision (AR 18-27), the ALJ evaluated Plaintiff's credibility as to excess pain or subjective complaints, finding that Plaintiff's assertions are not entirely credible for the reasons explained in the Decision. As specifically articulated, the ALJ principally relied upon the extent of Plaintiff's activities of daily living ("ADL"); that Plaintiff's claims as to limitations are greater than expected in light of the objective evidence; and finally, that at the hearing, Plaintiff "walked with an exaggerated gait, using a cane." The ALJ found that in comparison to the severe symptoms that Plaintiff claimed, his treatment was "conservative and limited." (AR 23.)

    The law regarding credibility assessment is quite well established, and has been properly cited by the parties. An ALJ must make specific credibility findings as required by Social Security

Ruling ("SSR") 96-7p. Moreover, a specific regulation, found at 20 C.F.R. § 404.1529, sets forth the criteria which must be followed, and identifies relevant factors, which include, in pertinent part, a claimant's daily activities, and treatment received for relief of pain or other symptoms. (See Id. at (3)(I), (v).) In this case, the ALJ relied upon two of those factors in particular, which include his everyday activities, which were both described in Plaintiff's testimony at the hearing (AR 32-49), a report of a consultative examiner ("CE"), psychologist Dr. Colonna (AR 23, 40-44, 335-40), and other evidence in the record.

The Ninth Circuit has specifically held that, in determining credibility, an ALJ may utilize "ordinary techniques of credibility evaluation," and also "unexplained or inadequately explained failure to seek treatment," and a claimant's "daily activities." (See Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir. 2012), quoting Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008)).

With regard to Plaintiff's ADL, this case does not implicate the concepts raised in such cases as Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), which Plaintiff cites for the position that an individual need not be vegetative or incapacitated from ADL in order to be found credible. The Court determines that the ALJ did, in this case, carefully rely upon evidence documenting Plaintiff's ADL. Moreover, Plaintiff does not dispute the correctness of the extent of Plaintiff's ADL as relied upon by the ALJ.

With regard to the second factor, concerning Plaintiff's treatment, the ALJ again depreciated Plaintiff's credibility because there is in this record a lack of sufficiently objective evidence to support the nature and extent of the symptoms claimed by Plaintiff.

While a comparison or discrepancy between objective evidence and claimed symptoms cannot constitute a sole basis for depreciating credibility, nevertheless, it is one valid factor. See 20 C.F.R. §§ 404.1529(c)(1) & (2), 416.929(c)(1) & (2). Plaintiff vigorously asserts that he has received more aggressive treatment which is consistent with his symptom complaints, but the Court defers to the ALJ's evaluation of the evidence, finding it to be a correct and sufficient summary so as to form a basis for utilization of this credibility evaluation factor.

There is a debate between the parties as to whether the ALJ's observations of Plaintiff at the hearing, which were in part relied upon in the credibility evaluation, constitute impermissible "sit and squirm" decision-making. The Court declines in this case to address that factor for the reason that the other two factors relied upon were sufficient to make a credibility determination under controlling law.

For the foregoing reasons, the Court finds that Plaintiff's first issue does not have merit.

**II**

**THE ALJ'S EVALUATION OF THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

In his second issue, Plaintiff contends that the ALJ failed to adequately assess or accord weight to the opinion of his treating physician, Dr. Alvis, who completed a form entitled "Medical Opinion Re: Ability to Do Work-related Activities (Physical)" (AR 450-452.)

The ALJ determined to accord "little weight" to Dr. Alvis' opinion, which limited Plaintiff to a sedentary functioning capacity because it was found to be "not consistent with the above-discussed

4

evidence, the claimant's activities of daily living, and the remaining opinions of record." (AR 24.) For the following reasons, the Court determines that the ALJ's determination was supported by substantial evidence.

While the opinion of a treating physician is normally or often accorded greater weight than the opinions of non-treating or non-examining physicians, this is not a firm and fast rule. Indeed, if it is found that the treating physician's opinion is conclusory, brief, or unsupported by clinical findings it will not receive that level of deference. See Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).

While Plaintiff has cited quite extensively to various imaging studies and treatment notes of Dr. Alvis, there is an absence of any notation of detailed functional assessment from Dr. Alvis, other than the form which he completed. But even if, contrary to the Commissioner's position, that form does constitute a detailed functional assessment, the ALJ was entitled to and did rely upon numerous contrary opinions. These include opinions of two consultative examining physicians ("CE") and two State Agency medical consultants, all of whom uniformly agreed that Plaintiff could perform a range of medium exertional work. (AR 24-25, 50-67, 70-103, 274-278, 356-359.) The opinions included those rendered by Dr. Moazzaz, who examined Plaintiff in September 2012 and whose findings were essentially unremarkable, leading to Dr. Moazzaz' conclusion that Plaintiff could perform a range of medium work. (AR 24, 274-278.) In fact, Dr. Moazzaz indicated that Plaintiff was somewhat dramatic on his examination and that his subjective complaints were, in the physician's opinion, not in proportion to the objective findings. (AR 24, 276, 278.)

5

The ALJ also relied upon a March 2013 CE examination by neurologist Dr. Maze (AR 356-359.) The ALJ again noted that this examination was unremarkable and led to Dr. Maze's conclusion that Plaintiff could perform a range of medium work. (AR 25, 359.)

The ALJ was also entitled to rely upon the opinions of State Agency medical consultants whose conclusions, again, were that Plaintiff could perform a range of medium work. (AR 24-25, 50-67, 70-103.) The opinions of these non-treating physicians could be relied upon because they are supported by other evidence in the record, including the two examining CEs.

Thus, the ALJ's conclusion was, essentially, that Dr. Alvis' opinions as to Plaintiff's limitations were out of proportion to not only Dr. Alvis' own records, but also the uniform opinions of two examining physicians, and two non-examining physicians. It is within the ambit of an ALJ's responsibility to consider the record as a whole and to resolve conflicts in the record. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). For this reason, the Court cannot conclude that the ALJ's depreciation of Dr. Alvis' opinion was not based on substantial evidence, and for that reason, the Court determines that Plaintiff's second issue does not have merit.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: February 25, 2015              /s/
                                       VICTOR B. KENTON
                                       UNITED STATES MAGISTRATE JUDGE